IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURA SCHMIDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2260-JWL |
| ) | |
| MEDICALODGES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

In this action, plaintiff Laura Schmidt asserted a claim against her former employer, defendant Medicalodges, Inc., for hostile work environment sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1). A jury found that plaintiff was subjected to sexual harassment by her supervisor, Shawn Garbin, but that defendant was not liable for that harassment, either on a theory of direct liability or a theory of vicarious liability. This matter now comes before the Court on plaintiff's motion for a new trial (Doc. # 77) and defendant's motion for statutory attorney fees as the prevailing party (Doc. # 78). For the reasons set forth below, the Court denies both motions.

**I.      Plaintiff's Motion for New Trial**

Plaintiff has moved for a new trial pursuant to Fed. R. Civ. P. 59.  The Court applies the following standards in reviewing such a motion:

> Motions for a new trial are committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *Hinds v. General Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993).  They are "not regarded with favor and should only be granted with great caution."  *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991).
>
>      In reviewing a motion for a new trial, the court must view the evidence in the light most favorable to the prevailing party.  *Griffin v. Strong*, 983 F.2d 1544, 1546 (10th Cir. 1993).  A new trial based upon an error of law is unwarranted unless that error affected the substantial rights of the parties.  Fed. R. Civ. P. 61; *Heyen v. United States*, 731 F. Supp. 1488, 1489 (D. Kan. 1990), *aff'd*, 945 F.2d 359 (10th Cir. 1991).  "The party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence."  *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).  The court should "ignore errors that do not affect the essential fairness of the trial."  *McDonough Power Equip.*, 464 U.S. at 553.

*Deters v. Equifax Credit Info. Servs., Inc.*, 981 F. Supp. 1381, 1385 (D. Kan. 1997).

Plaintiff seeks a new trial on two separate grounds, which are addressed in turn.

A.      <u>Admission of Testimony Regarding Tonette Ealy's Conviction</u>

First, plaintiff seeks a new trial based on her argument that the Court erred in admitting certain testimony by Tonette Ealy.  Specifically, plaintiff argues that Ms. Ealy's testimony regarding her 1993 conviction for drug possession should have been excluded under Fed. R. Evid. 609 and 403.

Ms. Ealy, plaintiff's witness, testified that she was subjected to sexual harassment by Mr. Garbin and that she complained about such harassment to Julie Melvin, Mr. Garbin's supervisor. Upon cross-examination, Ms. Ealy testified that she was a truthful person. Defense counsel then attempted to introduce into evidence the employment application that Ms. Ealy submitted to defendant in 2002, and plaintiff's counsel objected. At a bench conference outside the hearing of the jury, defense counsel explained that he wished to impeach Ms. Ealy's credibility with evidence that she was not truthful in her application when she denied having been convicted of a crime, when in fact she had been convicted of a drug offense in 1993. Plaintiff's counsel objected on the bases that the application had not been properly produced or listed as an exhibit and that it contained irrelevant information. The Court sustained the objection and excluded the application and any documentary evidence of the conviction. The Court stated to defense counsel that he could merely ask Ms. Ealy whether she had made the particular representation in her application and whether she had in fact been convicted, using the documents only to refresh her recollection if necessary. Plaintiff's counsel did not offer any objection other than to the admission of the documents.

When the cross-examination resumed and defense counsel attempted to read from the application, the Court stopped counsel and stressed that he could use the document only to refresh the witness's recollection and that he could merely ask whether Ms. Ealy had made the particular representation on her application. After her recollection was then refreshed with the application, Ms. Ealy agreed that she had represented to

3

defendant on her employment application that she had not been convicted of any non-traffic-related offenses. At another bench conference, the Court confirmed to defense counsel that he then could only ask whether it was true that in fact she had been convicted of a crime. Defense counsel resumed his cross-examination of Ms. Ealy as follows: "Is it not true that you were convicted of attempted possession of opiates in 1993 in Wyandotte County?" Ms. Ealy answered in the affirmative. The Court then instructed the jury as follows:

> Now members of the jury, let me give you a limiting instruction. The purpose for that particular question and answer has to do only with your evaluation of the credibility of this witness if you find that that statement was inconsistent with some other statement she may have made to her employer along the line, not for any other purpose.

Ms. Ealy then testified that she had made a similar representation—that she had not been convicted—to her present employer. Plaintiff's counsel did not interpose any objection to the questions or answers during these colloquies occurring after the original bench conference.

Plaintiff argues that the evidence of Ms. Ealy's 1993 conviction should have been excluded. After the Court sustained the objection to the admission of the employment application, that evidence came in only through the testimony of Ms. Ealy. Plaintiff failed to object to the admission of that testimony, however, having objected only to the admission of the document. Accordingly, the Court reviews the admission of the testimony only for plain error. *See* Fed. R. Evid. 103(d); *National Environmental Serv. Co. v. Ronan Eng'g Co.*, 256 F.3d 995, 1001 (10th Cir. 2001). The Court concludes that

it did not plainly err in admitting the testimony of Ms. Ealy for its limited purpose of attacking Ms. Ealy's character for truthfulness.

Plaintiff argues that the evidence of Ms. Ealy's conviction should have been excluded pursuant to Fed. R. Evid. 609. That rule provides: "For the purpose of attacking the character for truthfulness of a witness, . . . evidence that a witness other than the accused has been convicted of a [felony] shall be admitted, subject to Rule 403 . . . ." Fed. R. Evid. 609(a)(1). Rule 609 further provides that evidence of a conviction over ten years old is not admissible under that rule unless the proponent gives the other party advance written notice of an intent to use such evidence. Fed. R. Evid. 609(b). Plaintiff argues that because she did not receive advance written notice of defendant's intent to use evidence of Ms. Ealy's conviction, the evidence was inadmissible.

The Court concludes, however, that no such notice was required because Ms. Ealy's testimony about her conviction was not admitted under Rule 609. The evidence that Ms. Ealy had lied on her employment application was admissible under Fed. R. Evid. 608(b), which provides as follows:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . concerning the witness' character for truthfulness or untruthfulness . . . .

Fed. R. Civ. P. 608(b)(1). In this case, Ms. Ealy's credibility became a material issue, as her testimony was directly refuted by Mr. Garbin and Ms. Melvin. Evidence that Ms.

5

Ealy lied on her employment application was probative of her truthfulness. *See United States v. Gardner*, 773 F.2d 257, 260-61 (10th Cir. 1985) (under Rule 608(b), a party may cross-examine a witness about previous falsehoods as probative of truthfulness); *Hahn v. Minnesota Beef Indus., Inc.*, 2002 WL 32658476, at *1 (D. Minn. May 29, 2002) (evidence of untruthfulness on a job application was relevant to a witness's character for truthfulness, subject to Rule 608(b)); *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455, 462-63 (S.D.N.Y. 1988) (employment applications carry an obligation for truthfulness, such that falsehoods in such a situation may be probative of a lack of credibility or truthfulness under Rule 608(b)); *see also United States v. Drake*, 932 F.2d 861, 867 (10th Cir. 1991) (rejecting argument for exclusion under Rule 608(b); questions upon cross-examination do not constitute extrinsic evidence under that rule, even if they refer to records not in evidence).

Thus, the evidence of Ms. Ealy's conviction was not admitted under Rule 609, but rather solely for the separate purpose of establishing that Ms. Ealy had been untruthful in her employment application. This sort of distinction was noted by the First Circuit in *United States v. Norton*, 26 F.3d 240 (1st Cir. 1994):

> Rule 609 is an impeachment rule which governs the admissibility of evidence of certain criminal convictions of a witness when offered to impeach that witness by proving character for untruthfulness. The premise behind the rule is that a witness who has previously been convicted of a felony, or a crime involving dishonesty or a false statement, is more likely to lie than is a person with a spotless past. Thus, Rule 609 evidence is admissible for the purpose of attacking credibility generally, but the rule does not address the admissibility of prior convictions when they are offered for another purpose.

6

*Id.* at 243-44 (citations omitted). In the present case, the evidence of Ms. Ealy's conviction was not admitted under Rule 609 as probative of her untruthfulness in and of itself. Rather, the evidence was admitted solely for the separate purpose of establishing that Ms. Ealy had been untruthful in her employment application, which in turn was probative of her untruthfulness. Accordingly, the evidence regarding Ms. Ealy's conviction was admissible subject only to Fed. R. Evid. 402 and 403. *See id.* at 244.

Plaintiff argues that conviction evidence should be used in that way outside of the scope of Rule 609 only to contradict testimony offered by the witness upon direct examination, as occurred in *Norton* and other cases cited by plaintiff, and not to contradict testimony elicited upon cross-examination. There is no basis for such a distinction in the rules, however. The conviction was not offered or used in this case to show untruthfulness in and of itself, but was offered to establish a prior misrepresentation, which was admissible to show untruthfulness under Rule 608(b)—a distinction noted in the Court's limiting instruction to the jury. Accordingly, Rule 609 simply does not govern the analysis here.

Plaintiff also cites *Jones v. Southern Pacific Railroad*, 962 F.2d 447 (5th Cir. 1992), in which the court did distinguish between direct and cross-examination as follows:

> Of course, if the opposing party places a matter at issue on direct examination, fairness mandates that the other party can offer contradictory evidence even if the matter is collateral. But a party cannot delve into collateral matters on its own initiative and then claim a right to impeach

7

>that testimony with contradictory evidence. This would be a mere subterfuge to get before the jury evidence not otherwise admissible.

*See id.* at 450. As noted above, however, Ms. Ealy's character for truthfulness was not merely a collateral matter, but was a material issue in this case. Therefore, defendant was permitted to examine Ms. Ealy (without extrinsic evidence) about specific prior conduct probative of her truthfulness, using the conviction only to establish the prior misrepresentation.

Plaintiff also argues that testimony about Ms. Ealy's conviction should have been excluded under Fed. R. Evid. 403, which provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See id.* The Court concludes that it did not commit plain error in exercising its discretion not to exclude this evidence under Rule 403. As previously noted, the probative value of the evidence was significant—Ms. Ealy's credibility was a material issue, and the evidence concerning Ms. Ealy's untruthfulness on her employment application was probative of that credibility. That probative value was not substantially outweighed by the danger of unfair prejudice here. Another witness, Dorothy Joyner, whose credibility was not attacked by any prior conviction, offered similar testimony on the key point to which Ms. Ealy testified—that Ms. Melvin was told about sexual harassment by Mr. Garbin.[1] Moreover, the Court's limiting instruction to the jury, given

---

[1] The Court does not agree with plaintiff that Ms. Joyner was somehow tainted by the evidence of Ms. Ealy's conviction.

8

at the time of the testimony, lessened the risk of unfair prejudice. *See Pinkham v. Maine Central R.R. Co.*, 874 F.2d 875, 877-78 (1st Cir. 1989) (court did not abuse its discretion in failing to exclude under Rule 403 evidence that a witness lied on his employment application concerning prior convictions; evidence was relevant to the witness's veracity, and the court's limiting instruction lessened any prejudicial impact).

Finally, the Court concludes that, even if the Court did plainly err in failing to exclude this testimony that was given without objection, such error was harmless. *See* Fed. R. Civ. P. 61; Fed. R. Evid. 103(d); *United States v. Barnfield*, 145 F.3d 1123, 1131 (10th Cir. 1998) ("An erroneous admission of evidence is harmless unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect."). Again, Ms. Joyner presented essentially the same testimony that Ms. Ealy did, which the jury apparently rejected in favor of Ms. Melvin's testimony that she had not received prior complaints of sexual harassment by Mr. Garbin. Defendant did not argue to the jury that Ms. Ealy's testimony was unworthy of belief because she had a prior conviction; rather, defendant limited its credibility argument concerning Ms. Ealy to the fact that she had lied on her employment application. The Court also stressed this distinction by means of its limiting instruction. *See United States v. Oberle*, 136 F.3d 1414, 1418-19 (10th Cir. 1998) (noting limiting instruction in finding harmless error). Accordingly, plaintiff is not entitled to a new trial based on the admission of Ms. Ealy's testimony about her conviction.

### B. Sufficiency of Evidence

Plaintiff also argues that she is entitled to a new trial because of the overwhelming evidence offered at trial in her favor. The Court addresses this argument under the following standard:

> Where a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence. The court considers the evidence in the light most favorable to the prevailing party, bearing in mind that the jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact.

*Snyder v. City of Moab*, 354 F.3d 1179, 1187-88 (10th Cir. 2003) (quotations and citations omitted).

At trial, the jury was instructed that, if plaintiff proved that she was sexually harassed by Mr. Garbin, defendant would be liable for that harassment only under a direct liability theory or a vicarious liability theory, both of which were submitted to the jury. The jury instructions stated that, to establish direct liability, plaintiff was required to prove that "defendant's management-level employees knew or should have known of the alleged sexual harassment and yet failed to take prompt and appropriate corrective action reasonably calculated to stop the harassment." The instructions further stated that defendant was vicariously liable for the harassment unless it proved, as an affirmative defense (pursuant to *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)), that it "exercised reasonable care to prevent and promptly correct any sexual harassing

10

behavior" and "[t]hat plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant to avoid harm otherwise."[2] The jury found that plaintiff was sexually harassed by Mr. Garbin, but it further found that defendant was neither directly nor vicariously liable for that harassment.

The Court concludes that plaintiff has not met her high burden of showing that the evidence in favor of defendant was insufficient and that the evidence was overwhelmingly in favor of plaintiff, such that the Court should ignore the findings of the jury. Plaintiff's arguments in this regard are addressed in turn.

The Court first rejects plaintiff's argument that the evidence overwhelmingly established that defendant did not act with reasonable care with respect to sexual harassment by Mr. Garbin. Plaintiff attacks the sufficiency of defendant's anti-harassment policy and training; however, there was evidence that defendant did train its employees about an extensive policy that prohibited harassment, required reporting of harassment, provided numerous avenues for complaints, provided for prompt and confidential investigation of complaints, provided for immediate suspension of an alleged harasser, and prohibited retaliation for complaints. Plaintiff argues that defendant ignored prior complaints about Mr. Garbin; however, Ms. Melvin and other employees of defendant testified that they had received no complaints of sexual harassment by Mr. Garbin prior to those that led to his termination, and there was

---

[2] Plaintiff has not challenged any of the jury instructions in her motion for a new trial.

11

evidence that Mr. Garbin was reprimanded concerning other behavior. Plaintiff argues that Mr. Garbin's harassment was so pervasive as to impart constructive notice of such harassment to defendant's management; however, plaintiff offered little or no evidence of public sexual harassment by Mr. Garbin. Plaintiff argues that the notice of a prior complaint by Angela Mitchell to her supervisor about sexual harassment by Mr. Garbin must be imputed to defendant; however, the evidence revealed that the supervisor did not pass along that complaint after Ms. Mitchell urged him not to do so because the incident would probably blow over. Finally, plaintiff suggests that Ms. Melvin's demeanor at trial undermined the credibility of her testimony; as noted above, however, judging the credibility of the witnesses is within the exclusive province of the jury. In this case, the jury was free to favor defendant's evidence, which included evidence that defendant terminated Mr. Garbin very shortly after receiving a formal complaint of sexual harassment. That evidence was sufficient to support the jury's finding that defendant and its management acted reasonably with respect to the issue of sexual harassment by Mr. Garbin.

The Court also rejects plaintiff's argument that the evidence overwhelmingly established that plaintiff did not act unreasonably in failing to complain about sexual harassment by Mr. Garbin. Plaintiff argues that she feared retaliation from Mr. Garbin or Ms. Melvin; however, defendant refuted that argument by presenting evidence that plaintiff did complain about sexual harassment to prior employers, that plaintiff did complain to Ms. Melvin about other behavior of Mr. Garbin, and that plaintiff had many

avenues for complaints other than to Ms. Melvin. Plaintiff also argues that any complaint would have been futile in light of defendant's failure to respond to other complaints about Mr. Garbin; however, as noted above, the jury was free to believe defendant's evidence that it did not receive prior complaints of sexual harassment by Mr. Garbin (other than the complaint by Angela Mitchell to her supervisor) and that it acted reasonably in dealing with him. Again, the jury's finding on this issue was supported by sufficient evidence.

In summary, there was evidence presented at trial from which a reasonable jury could have found in favor of defendant, as this one did. The evidence was not so overwhelming in favor of plaintiff that a new trial is warranted, and plaintiff's motion is therefore denied.

### II.     Defendant's Motion for Statutory Attorney Fees

Defendant seeks an award of attorney fees pursuant to 42 U.S.C. § 2000e-5(k), which provides that the Court, in its discretion, may award the prevailing party in a Title VII action reasonable attorney fees. The United States Supreme Court has held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 807 (10th Cir. 2007) (Title VII defendant is entitled to fees only upon satisfaction of the standard enunciated in *Christianburg*).

Defendant does not argue that plaintiff's claims in this case were frivolous, unreasonable, or without foundation. Rather, defendant argues that the statutory fee provision does not distinguish between prevailing plaintiffs and prevailing defendants; that therefore they should not face a stricter standard for fees than prevailing plaintiffs do; and, accordingly, because defendant prevailed here, it is entitled to recover its fees.

The Court will not follow defendant's suggestion that this Court should, in effect, overrule the United States Supreme Court with respect to this issue. The Court cannot conclude that plaintiff's claims here were frivolous, unreasonable, or without foundation, especially given the jury's finding that plaintiff did suffer sexual harassment and the evidence that ultimately a number of employees complained of harassment by Mr. Garbin. Accordingly, the Court denies defendant's motion for statutory attorney fees.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for a new trial (Doc. # 77) is **denied**.

IT IS FURTHER ORDERED THAT defendant's motion for statutory attorney fees (Doc. # 78) is **denied**.

IT IS SO ORDERED.

Dated this 8th day of November, 2007, in Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge